**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1121-16T4

IN THE MATTER OF
OWNERSHIP OF 1969
CHEVROLET CORVETTE

_____

Argued December 6, 2017 — Decided July 18, 2018

Before Judges Fuentes, Koblitz and Manahan.

On appeal from Superior Court of New Jersey,
Law Division, Ocean County, Docket No. L-2110-
16.

Arthur J. Timins argued the cause for
appellant Richard Black.

Respondents have not filed a brief.

PER CURIAM

Sanford Roth filed a verified complaint seeking a judicial declaration of ownership of a 1969 Chevy Corvette. Roth exchanged a 1980 Corvette with 104,262 miles for the 1969 Corvette with 51,304 miles. The Bill of Sale executed by Raymond Biaza as the seller and Roth as the buyer indicated that these vehicles had a monetary value of $1000 for sales tax purposes.

In this appeal, Richard Black argues the trial judge erred when he found Biaza was the owner of the 1969 Corvette. Black owned a car body shop from 1977 until December 2014. Biaza worked for Black during this time period as a paint foreman. Judge Robert Brenner conducted a bench trial in which both Biaza and Black testified. Judge Brenner made the following factual findings based on the testimony of these two witnesses.

Black acquired title to the 1969 Chevy Corvette on June 25, 1991. Although title to the car remained in Black's name, he gave Biaza possession of the vehicle and allowed him to use it freely during this twenty-five-year period because Biaza made clear that he would quit his job as paint foreman if Black demanded the return of the car. On two different occasions, Black and his son demanded that Biaza return the car. However, Biaza refused to return the car and told Black that if he pressed the issue, he would quit his job. Black acquiesced to this arrangement because he valued Biaza's skills as a painter.

As framed by Judge Brenner, the dispositive legal question is: when did Biaza acquire ownership of the 1969 Corvette by adverse possession? Stated differently, was Black barred from claiming an ownership interest in the car at a point in time beyond the six-year statute of limitations to commence an action for replevin? See N.J.S.A. 2A:14-1. Relying on O'Keeffe v. Snyder,

83 N.J. 478 (1980), Judge Brenner held that the focus of the analysis is on Black's conduct as the title holder of the car. The merit of Black's claim of ownership depended on what actions he took to recover possession of the car from Biaza during these twenty-five years. In addressing this issue, Judge Brenner found:

> The testimony before this [c]ourt is clear and there is a consensus that Mr. Biaza had possession of this vehicle for 25 years and during that 25-year period[,] although Mr. Black apparently asked for [the vehicle] back several times Mr. Biaza told him, "No. I'll quit." And notwithstanding the fact Mr. Black never took any action to seek legal recovery of his vehicle specifically by filing a replevin action if he couldn't get . . . back possession of his vehicle . . . .

"To establish title by adverse possession to chattels, the rule of law has been that the possession must be hostile, actual, visible, exclusive, and continuous." O'Keeffe, 83 N.J. at 494. With this legal principle in mind, Judge Brenner held:

> So it is my finding today that at the time that Mr. Biaza sold the vehicle to Mr. Roth[,] that he was the titled owner of that vehicle because Mr. Black failed to take any action within a six-year Statute of Limitations during the time that [Black] knew or should have known that someone other than himself had the vehicle, and he knew the entire time, the 25 years.

Our review of a trial judge's decision in the context of a bench trial in which the judge also acted as the factfinder "is limited to whether there is 'substantial, credible evidence to

support the court's findings.'" Zaman v. Felton, 219 N.J. 199, 215 (2014) (quoting In re Civil Commitment of J.M.B., 197 N.J. 563, 597 (2009)). We are also bound to defer "to those findings of the trial judge which are substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and have the 'feel' of the case, which we do not enjoy upon appellate review." State ex rel. D.M., 451 N.J. Super. 415, 424 (App. Div. 2017) (quoting State ex rel. S.B., 333 N.J. Super. 236, 241 (App. Div. 2000)).

Judge Brenner's factual findings are supported by the testimonial evidence presented by the parties. Any factual inconsistencies in the witnesses' testimony are matters left to Judge Brenner's discretion as the factfinder. Based on his factual findings, Judge Brenner properly applied the Court's holding in O'Keeffe to conclude Biaza had legal title of the 1969 Corvette at the time he sold it to Roth.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1121-16T4